# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SUSAN NEVITT,

    Plaintiff,

v.                                      Civil 02-1580 WP/LFG

JUDGE THOMAS FITCH,

    Defendant.

## MEMORANDUM OPINION AND ORDER STRIKING PLAINTIFF'S PEREMPTORY CHALLENGE and DISMISSING CASE

THIS MATTER comes before the Court *sua sponte* and upon a "Notice by Plaintiff of Filing a Peremptory Challenge to District Judge," filed December 23, 2002 **(Doc. 2)**. Plaintiff, who is proceeding *pro se*, is under the mistaken impression that she can move to disqualify a federal district judge as a matter of right, relying on the New Mexico State Supreme Court opinion in Beal v. Reidy, 80 N.M. 444 (1969). Under New Mexico law, any party may timely exercise a peremptory challenge to a state district judge for any reason. Id. No such right exists under federal law. Accordingly, Plaintiff's Notice of Filing a Peremptory Challenge to District Judge shall be stricken.

*Judicial Immunity*

The complaint in this case is a spin-off of the same allegations as those raised in Derringer v Chapel, et al., Civil 02-974 WJ/RLP. In that case, Plaintiff David Derringer alleged that defendants violated various state and federal rights during a state court adjudication of a water rights dispute involving the Chapels and Derringer's wife and mother-in-law (the Nevitts).

The claims in both cases are driven by the Nevitts (and Mr. Derringer's) dissatisfaction with the water rights adjudication in state court. Judge Fitch, who was also a defendant in Civil 02-974, was the presiding judge in the state court case.

This case must be dismissed because Judge Fitch, who is the only defendant in this case, is immune from suit for civil liability for acts taken in his judicial capacity. See Stump v. Sparkman, 435 U.S. 349 (1978); Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir.2002). As a New Mexico State District Court Judge, Defendant is entitled to immunity for his actions and decisions as a judge regardless of error or motive. Clevenger v. Saxoner, 474 U.S. 193, 199-200 (1985). Even Plaintiff's charges of maliciousness on the part of Judge Fitch are not sufficient to withhold the operation of judicial immunity in this case. Hunt v. Bennet et al., 17 F.3d 1263, 1266 (10th Cir. 1994) (A judge will not be deprived of immunity because the action he or she took was in error, was done maliciously, or was in excess of his or her authority); Forrester v. White, 484 U.S. 219, 227 (1988) (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive").

A judge will be subject to liability only when he has acted in the clear absence of all jurisdiction. Stump, 435 U.S. at 356-57. Plaintiff alleges no facts to support that Judge Fitch acted in the clear absence of all jurisdiction. As State District Court Judge, Judge Fitch was acting within the general jurisdiction of the state district court when he presided over the disputed water rights in the state case, since he had subject matter jurisdiction over all matters and causes not excepted in the Constitution of the State of New Mexico. N.M.Const.Art.V, § 13.

Accordingly, Plaintiff's claims against Defendant must be dismissed with prejudice.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's "Notice of Filing a Peremptory Challenge to District Judge"(**Doc. 2**) is hereby STRICKEN;

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant are DISMISSED WITH PREJUDICE, thus disposing of all claims in this case in their entirety.

_____
UNITED STATES DISTRICT JUDGE